MEMORANDUM
BAILEY, J.
The contract between the husband and wife, which was embodied in the decree for divorce, provided for certain payments to the wife of certain sums of money “during her lifetime or until she remarries.” It also provided that certain securities should be placed with a trustee to secure the payment of these sums: that in the event of the death of either party or the remarriage of the wife the securities should be returned to the husband or his representatives. It is significant that no mention is made of any cessation of payments upon the death of the husband.
*143 Literally interpreted the contract provides for the payment of the sums mentioned during the lifetime of the wife or until her remarriage, unaffected by the death of the husband. The fact that the contract was entered into during the pending of divorce proceedings and embodied in the decree of divorce does not, in my opinion, affect its express provisions. While there is some conflict in authority, I think that the better reasoning is shown in the New York decision and in the case of Dickey v. Dickey, (Md.) 58 A. L. R. 634.
I see no reason why the administrator may not file a bill in equity for instructions as to his duty in the administration of the estate in his hands.
The action of the administrator in making the payments already made to Margaret L. Underwood will be approved, and he is authorized to continue the payments provided for in the contract.